IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA,

    Plaintiff,

    v.

VALERO ENERGY CORPORATION,
VALERO ENERGY PARTNERS LP, and
PLAINS ALL AMERICAN PIPELINE, L.P.,

    Defendants.

No. C 17-03786 WHA

**ORDER RE SEALING PRELIMINARY INJUNCTION ORDER**

On August 23, an order denied plaintiff the State of California's motion for a preliminary injunction subject to certain conditions (Dkt. No. 79). That order was sealed to give the parties an opportunity to object to the public disclosure of information contained therein (*see* Dkt. No. 80).

Only defendant Plains All American Pipeline, L.P. has filed an objection seeking to maintain any portion of the preliminary injunction order under seal. Specifically, Plains requests that the following information be redacted: (1) the percentage of Chevron and BP product piped through the Martinez terminal in 2015 and 2016, and (2) the remaining contract term length of certain contracts for customers of the Martinez terminal. It argues, without elaboration, that this information is confidential, and competitively sensitive (Dkt. No. 81 at 3).

Plains has not provided a compelling reason outweighing the public's interest in disclosure to maintain these portions of the order under seal. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir.) (applying "compelling reasons" standard to preliminary injunction

motion that was "more than tangentially related to the merits of the case"). These are not the sort of trade secrets or highly sensitive information that warrants sealing. Accordingly, Plains' motion to maintain portions of the order under seal is **DENIED**. Nevertheless, the publicly filed version of the preliminary injunction order will apply Plains' proposed redactions until **FOURTEEN DAYS** elapse and/or our court of appeals, upon prompt application of Plains, extends the redactions.

Plains further observes that the preliminary injunction order discloses third-party information, which may be subject to sealing. In particular, it notes that the order sets forth the throughput capacities to the Kinder Morgan Service Area from Chevron's proprietary pipeline as well as other gathering lines controlled by Kinder Morgan, Inc., which information was gathered from Chevron and Kinder Morgan as part of the investigation into this transaction.

For the time being, this information is redacted from the publicly filed version of the preliminary injunction order. Plains **SHALL SERVE** all third parties whose information is disclosed in the preliminary injunction order with this order and an unredacted copy of the order regarding California's motion for preliminary injunction by no later than **TOMORROW, AUGUST 29 AT 5:00 P.M.** Third parties shall file any objections they have to unsealing the redacted portions of the preliminary injunction order by no later than **AUGUST 31 AT 5:00 P.M.** Any such objections shall set forth in detail why sealing is warranted pursuant to *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: August 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2