IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA,

    Plaintiff,

  v.

VALERO ENERGY CORPORATION,
VALERO ENERGY PARTNERS LP, and
PLAINS ALL AMERICAN PIPELINE, L.P.,

    Defendants.

No. C 17-03786 WHA

**ORDER RE ADMINISTRATIVE MOTION TO SEAL**

Third-party AOT Energy Americas LLC moves to file under seal certain documents related to its objections to the Court's order requiring plaintiff, the State of California, to produce documents to defendants Valero Energy Corporation, Valero Energy Partners LP, and Plains All American Pipeline, L.P. (Dkt. No. 36).

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion, the moving party must provide "compelling reasons supported by specific factual findings," which outweigh the public's interest in disclosure. *See id.* at 1178–79 (quotations and citations omitted). A particularized showing of "good cause" under F.R.C.P. 26(c), however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

The documents at issue here, which were produced in discovery subject to a protective order, and are the subject of a nondispositive motion. They therefore need only meet the lower

good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.). The following constitutes the Court's rulings on the parties' administrative motion:

| **DOCUMENT SOUGHT TO BE SEALED** | **RULING** |
| --- | --- |
| **Exhibit A** | Exhibit A is a declaration related to AOT's trading strategies and leasing arrangements with the Martinez Terminal (Dkt. Nos. 36-1 ¶ 8; 36-2). AOT, however, attempts to file the entire exhibit under seal in defiance of our Civil Local Rule 79-5(b), which requires a request to seal to be narrowly tailored. Much of this declaration is innocuous and does not support sealing. **DENIED.** |
| **Exhibit B** | Exhibit B is a spreadsheet listing nearly 300 transactions between AOT and its customers since 2012. The spreadsheets reveal the prices and volumes of these transactions and other sensitive business information such as summaries of monthly revenue (Dkt. No. 36-3). **GRANTED**. |
| **Exhibit C** | Exhibit C contains responses to civil investigative demands. Some of the responses concern AOT trading strategies and contract information. Much of the document, however, contains lists of bates stamp numbers and other non-sealable material (Dkt. No. 36-3). AOT seeks to seal the exhibit in its entirety. This fails to comply with our Civil Local Rule 79-5(b), which requires a request to seal to be narrowly tailored. **DENIED**. |
| **Exhibit D** | Exhibit D is comprised of lease agreements between AOT and Plains, including pricing and volume terms as well as all other fees and storage terms between the companies (Dkt. 36-4–36-9). **GRANTED**. |

**IT IS SO ORDERED.**

Dated: September 26, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE