# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br>　　　　　Plaintiff,<br>　　v.<br>VALERO ENERGY CORPORATION,<br>VALERO ENERGY PARTNERS LP,<br>　　　　　and<br>PLAINS ALL AMERICAN PIPELINE, L.P.,<br>　　　　　Defendants. | Civil Action No. 17-cv-3786 (WHA)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference on October 5, 2017 at 11:00 AM in:<br>Courtroom 8, 19th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

The parties previously notified the Court that defendants have agreed to terminate the agreement providing for the proposed acquisition by a subsidiary of Valero of two petroleum storage and distribution terminals located in Martinez and Richmond, California owned by a subsidiary of Plains, which acquisition was the subject of this action and that "[f]or this reason, the parties will shortly submit paper to effect the dismissal of this case" (Doc. 103). Defendants also have notified Plaintiff that Plains is in the process of seeking to sell the assets in question to an alternative buyer. This Joint Case Management Statement conforms to the requirements of the Standing Order for All Judges of the Northern District of California, and of this Court's Supplemental Order, but is intended to reflect the changed status of the case.

Plaintiff the State of California, and defendants Valero Energy Corporation (VLO), Valero Energy Partners LP (VLP), and Plains All American Pipeline, L.P., submit the following Joint Case Management Statement.

1. Jurisdiction and Service: The court's subject matter jurisdiction to date over plaintiff's federal claims has been based on 28 U.S.C. §§ 1331 and 1337, and its jurisdiction to date over plaintiff's supplemental state law claim has been based on 28 U.S.C. § 1367. As described below, the parties dispute whether there remains a live case or controversy and subject matter jurisdiction in light of Defendants' termination of their agreement and abandonment of the proposed transaction at issue, among other developments and factors. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

2. Facts: Defendant VLO is an integrated petroleum refiner and marketer of petroleum products, which operates a refinery and other operations in Benicia, California. VLO owns a majority share of defendant VLP.

Defendant Plains indirectly owns and operates petroleum terminals in Martinez and Richmond, California, through its wholly owned subsidiary, Plains Products Terminals LLC. VLO, through a wholly-owned subsidiary, had contracted to purchase these terminals, with the intention of assigning its interest in the contract to a subsidiary of VLP prior to closing. California filed this action to oppose this acquisition under 15 U.S.C. § 26, because it believed the acquisition would substantially lessen competition in the market for liquid petroleum products in Northern California and Nevada.

On September 14, 2017, defendants terminated the agreement under which VLP was to obtain the terminals from Plains. A public announcement of the termination was released by the defendants.

With this development, the defendants contend that this action should be dismissed without prejudice. As is indicated below at paragraph 21, defendants plan to bring a motion to dismiss without prejudice. The State, in turn, agrees that this case could be dismissed, but only if an order is entered that prevents VLO, VLP and their subsidiaries from acquiring the Plains Martinez Terminal by any means for ten years. Otherwise, if VLO and VLP refuse to agree to a 10-year ban and the court decides not to impose one, then the State contends that this case should proceed to trial.

3. Legal Issues: The parties are not presently aware of major disputes over issues of law, other than the above, which they propose to present through noticed motion.

4. Motions: The State of California brought a motion for temporary restraining order, which the Court denied on July 10, 2017. The State of California then brought a motion for preliminary injunction which the Court denied on August 23, 2017, subject to certain conditions. *See also* Paragraph 21 below.

5. Amendment of Pleadings: No parties, claims, or defenses are presently expected to be added. As indicated above, the parties propose to present their disagreement about whether this case should be dismissed through defendants' noticed motion.

6. Evidence Preservation: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures: The parties have not yet complied with the initial disclosure requirements of Fed. R. Civ. P. 26, because defendants terminated the acquisition agreement about a week before the deadline for such disclosures. If the case is not dismissed, then the parties will promptly exchange the required disclosures within seven business days.

8. Discovery: Prior to the filing of this action, the Federal Trade Commission conducted an investigation of the proposed transaction, and the State participated in that investigation. That investigation included the subpoenaing of documents from defendants and third parties, the taking of testimony under oath, and the submission of responses to written questions. The State has produced to defendants all documents, transcripts, and responses the State obtained in the investigation, except to the extent a privilege is claimed, and has provided a privilege log of documents as to which privilege is claimed. Defendants have taken the deposition of the expert witness the State proffered in support of its preliminary injunction motion, and both sides have produced the documents relied upon by their experts in preparing declarations for and against the preliminary injunction motion.

The parties are hopeful that this case can be resolved without the need for any further discovery, but in the event the motion to dismiss is denied, then a new discovery timetable will need to be set.

The parties do not presently foresee a need for a stipulated e-discovery order.

9. Class Actions: This is not a class action.

10. Related Cases: There are no related cases to report.

11. Relief: The State sought to prevent or undo VLP's or VLO's acquisition of the Plains Martinez Terminal, through injunction, divestiture, or rescission. Defendants have now terminated the agreement under which the acquisition was to have taken place and the State has been informed that Plains is marketing the Martinez and Richmond terminals for sale to third parties. Defendants seek the dismissal of this case without prejudice. The State seeks an order that prevents VLP's or VLO's acquisition of the Plains Martinez Terminal from occurring by any means for ten years. In the alternative, the State seeks a trial. As indicated above, the parties propose to present their disagreement through defendants' noticed motion.

12. Settlement and ADR: The parties discussed and exchanged settlement proposals, both before and after this action was filed, without success. They have agreed to Early Neutral Evaluation in the Court's ADR program.

The parties have discussed settlement of their dispute over whether this case should be dismissed, and if so on what terms, but have been unable to reach agreement.

13. Consent to Magistrate Judge for All Purposes: The parties do not consent to having a magistrate judge conduct all further proceedings.

14. Other References: This case does not appear to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Defendants' termination of their acquisition agreement narrows the issues for now. The State contends that, if, however, defendants' motion to dismiss is denied and no settlement is reached, then all live issues raised in the parties' pleadings remain for determination at trial.

16. Expedited Trial Procedure: The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. Scheduling: The scheduled trial date is January 8, 2018. Per paragraph 21 below, the parties propose a briefing schedule in the coming weeks, with a hearing if needed to be set by the court.

18. Trial: If there is a trial, the case will be tried to the court.

19. Disclosure of Non-party Interested Entities or Persons: As a governmental entity, the State is not required by Civil Local Rule 3-15 to file a Certification of Interested Entities or Persons. VLO and VLP have filed their statement, indicating there are no interested parties to report. Plains has filed its statement, indicating that Plains Products Terminals, LLC and PAGP and PAA GP Holdings LLC (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or

(ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

20. Professional Conduct: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:

Defendants contend that the case should be dismissed without prejudice as moot in light of the termination of the proposed acquisition agreement and other developments and factors, to be more fully explained in their upcoming motion to dismiss.

The State contends that the case should be dismissed only if a restriction is imposed prohibiting VLO, VLP, and their subsidiaries from acquiring the Plains' Martinez terminal within the next 10 years by any means, a restriction that the State contends is needed to make the case moot. The State also contends that it is entitled to the award of its attorneys' fees and costs, including the fee charged by its expert. If these conditions are neither agreed to nor imposed by the court, then the State seeks the denial of the defendants' motion to dismiss and a trial in this case.

The parties propose to present their disagreement through Defendants' noticed motion. They propose a briefing schedule under which Defendants file a motion to dismiss and an opening supporting brief by October 4, 2017; the State responds by

October 18; and Defendants reply by October 23. If a hearing is required, it would be on a date set by the Court.

22. Plan to provide opportunities to junior lawyers.

The private law firms representing the State have fewer than 5 lawyers each, none a junior lawyer. The Attorney General's office is not a law firm per se, but it does have more than 50 lawyers overall, and does plan to offer opportunities to junior lawyers in this litigation. The one attorney in the San Francisco Office of the Attorney General's Antitrust Section who graduated from law school fewer than six years ago is Deputy Attorney General Brian Wang, and he is part of the State's litigation team. Mr. Wang has already participated in the drafting of motions filed by the State, has attended oral argument on the State's motion for a preliminary injunction, and will participate in upcoming discovery and trial if the case proceeds.

Defendant Plains is represented by Vinson & Elkins LLP, a law firm with more than 50 lawyers nationwide. Pursuant to this Court's Supplemental Standing Order, counsel submits that it has involved junior attorneys in the litigation of this action, and will continue to do so through the pendency of the action. Christopher James, an attorney who graduated law school and passed the California bar exam in 2012, has already appeared before this Court at the July 25, 2017 hearing to argue discovery objections. Mr. James is one of the designees entitled to selected confidential information under the Court's confidentiality order. Mr. James has also assisted with

drafting motions and briefs, as well as preparation for the deposition of the State's expert, and will continue to assist in the resolution of this action.

Defendants VLO and VLP are represented by Baker Botts LLP, a law firm with more than fifty lawyers nationwide. Pursuant to this Court's Supplemental Standing Order, counsel submits that it has involved junior attorneys in the litigation of this action, and will continue to do so through the pendency of the action. Most significantly, Timothy Singer, an attorney who graduated law school in 2016, has been actively involved in drafting motions and briefs, as well as preparation for the State's expert deposition, and will continue to assist in the defense of this action. If, notwithstanding the current posture of the case, the action proceeds to further depositions and trial, Mr. Singer will take one or more third party depositions and examine at least one party or third-party witness in court.

| | | |
|---|---|---|
| Dated: September 28, 2017 | | XAVIER BECERRA<br>Attorney General<br>KATHLEEN E. FOOTE<br>Senior Assistant Attorney General<br>PAUL MOORE<br>Deputy Attorney General |
| | | SPIEGEL LIAO & KAGAY, P.C. |
| | | <u>/s/ Charles M. Kagay</u><br>Charles M. Kagay<br>Attorneys for Plaintiff State of California |
| Dated: September 28, 2017 | | VINSON & ELKINS L.L.P. |
| | | <u>/s/ William R. Vigdor</u><br>William R. Vigdor (admitted pro hac vice)<br>Attorneys for Defendant<br>Plains All American Pipeline, L.P. |
| Dated: September 28, 2017 | | BAKER BOTTS LLP |
| | | <u>/s/ Stephen Weissman</u><br>Stephen Weissman (pro hac vice)<br>Counsel for Defendants<br>Valero Energy Corporation and Valero Energy Partners, LP |

I attest that concurrence in the filing of this document has been obtained from all signatories.

<u>/s/ Polly J. Estes</u>
Polly J. Estes
Attorneys for Plaintiff State of California

Joint Case Management Statement
No. 17-cv-3786 (WHA)
10