# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA,
   Plaintiff,

v.

VALERO ENERGY CORPORATION,
VALERO ENERGY PARTNERS LP,
   and
PLAINS ALL AMERICAN
PIPELINE, L.P.,
   Defendants.

Civil Action No. 17-cv-3786 (WHA)

**[PROPOSED] STIPULATED ORDER OF DISMISSAL AND FINAL JUDGMENT**

1. All parties have agreed to the provisions of this order through their designated counsel.

2. Subject to the provisions of paragraph 5 below, Defendants Valero Energy Corporation, Valero Energy Partners LP, and any Affiliate (as defined below) are hereby ordered and enjoined for a period of 10 years from the date of entry of this order not to acquire or seek to acquire the Martinez and Richmond Facilities (as defined below). As used in this order, the term "Affiliate" means any direct or indirect subsidiary of Valero Energy Corporation or Valero Energy Partners LP, or any other entity that controls, is controlled by, or is under common control with either Valero Energy Corporation or Valero Energy Partners LP, where the terms "controls," "controlled by" and "under common control with" mean the power to direct the management and policies of an entity, directly or indirectly, through the ownership of voting securities, by contract, or otherwise. As used in this order, the term "Martinez

and Richmond Facilities" means the petroleum storage and distribution terminals presently owned by a subsidiary of Plains All American Pipeline, L.P. and located in Martinez and Richmond, California, and/or any of the pipelines presently owned by a subsidiary of Plains All American Pipeline, L.P. leading to or from the Martinez and Richmond terminals.

3. Subject to the provisions of paragraph 5 below, if defendants Valero Energy Corporation, Valero Energy Partners LP, or any Affiliate, attempts to acquire or seek to acquire the Martinez and Richmond Facilities, they are ordered, for a period of 10 years from the date of entry of this order, to provide written notice to the California Attorney General's Office, Antitrust Section no later than the date of filing of a form required to be submitted to the Federal Trade Commission by the Hart-Scott-Rodino Act, 15 U.S.C. § 18A, or 30 days prior to the proposed closing, whichever is earlier.

4. Pursuant to Federal Rule of Civil Procedure 60(b)(5) or (6), Valero Energy Corporation, Valero Energy Partners LP, or any Affiliate, may apply to this Court for a termination or modification of this Order if there is a change in factual conditions or in law sufficient to satisfy Rules 60(b)(5) or (6).

5. Neither the parties nor this Court shall use, cite or rely upon the provisions of this order, or any of the discussions at the October 5, 2017 case management conference, as a basis for any claim for attorney's fees or costs in this case.

6. Subject to the provisions of paragraph 5 above, this Court shall retain jurisdiction for a period of 10 years to enforce the terms of this order.

7. Nothing herein shall be construed as an admission on the merits by any party.

8. This case is dismissed in its entirety as moot and administratively closed.

9. Final judgment is hereby entered. Judgment shall not be in favor or against either side.

Dated: October ___, 2017

_____
Hon. William H. Alsup
United States District Court Judge